SPEARS & SOLOMON *v.* INTERNATIONAL INS. CO.

EVIDENCE. *Of general character. When admissible in civil actions.* Where the ground of *defence* relied on by a defendant to a civil action, imputes the plaintiff's injury to his own immoral and criminal conduct, and defendant seeks to sustain it by proof of facts and circumstances calculated to raise suspicion against the plaintiff.

*Held,* Under these circumstances, *plaintiffs* have a right to prove they are now of good character for honesty.

Cases cited: Greenl. on Ev., Sec. 54, vol 1; Henry *v.* Brown, 2 Heis., 213.

FROM DAVIDSON.

Appeal from the Circuit Court. EUGENE CARY, Judge.

NEIL S. BROWN for Spears & Solomon.

EAST & SPURLOCK for Int. Ins. Co.

NICHOLSON, C. J., delivered the opinion of the Court.

Plaintiffs sued defendants in the Circuit Court of Davidson County, on a Policy of insurance, to recover the value of a stock of goods destroyed by fire, which goods had been insured by defendants. The right of plaintiffs to recover was resisted upon several grounds, one of which was that the amount of goods destroyed was small, compared with the amount claimed; another ground was, that plaintiffs had removed most of their goods, and then procured

the house, together with the few goods left to be burnt. These grounds of defence were sought to be sustained by proof of facts and circumstances calculated to raise suspicion against the plaintiffs. Plaintiffs offered several witnesses to prove the character of themselves, and proposed to prove that they were men of good character for honesty. This was objected to by defendants, and the objection sustained. The Court decided that the plaintiffs could not introduce their character. The rejection of this evidence constitutes the first error relied on by plaintiffs for a reversal of the judgment. In Sec. 54, vol. 1 of Greenleaf on Evidence, it is said that in civil cases evidence of general character is not admitted, unless the nature of the action involves the general character of the party, or goes directly to affect it. There can be no more reason for admitting evidence of character, when the general character of the party is involved in the nature of the action, than when the nature of the defence relied on by a defendant involves the general character of the plaintiff. The case of *Henry* v. *Browne*, 2 Heisk., 213, is directly in point. In that case the Court say : The charge, as made out in the proof, or attempted to be made out, is one involving moral turpitude and an utter want of honesty, such as well may fix a stain on the character of any man. The case is sought to be made out against the defendants below by circumstantial testimony. We hold that in such a case evidence of character for honesty and integrity, such as was proposed, was admissible. The general rule sanctioned by

the Court is, that where a party is charged with a crime, or any other act involving moral turpitude, which is endeavored to be fastened on him by circumstantial evidence, or by testimony of witnesses of doubtful credit, he may introduce proof of his former good character for honesty and integrity, to rebut the presumption arising from such evidence, which it may be impossible for him to contradict or explain."

It follows that the Court erred in rejecting the evidence offered in this case. Exceptions are taken to the charge to the jury by the Judge, but we deem it unnecessary to notice them further than to remark that they are not well taken, and that the charge is characterized by unusual clearness, precision, and accuracy. But for the error specified the judgment is reversed, and a new trial granted.